# JOHN M. BURKE
Attorney at Law

SERVICE BY E MAIL

26 Court Street - Suite 2805
Brooklyn, New York  11242
Tel:  (718) 718-875-3707
Fax: (718) 875-0053

Honorable Kevin P. Castel
United States District Court
Southern District of new York
500 Pearl Street
N.Y., N.Y. 10007

May 6, 2020

RE:   **United States** v. **Derek Galanis**     15 Cr. 643 (PKC)

Dear Judge Castel:

I am writing on behalf of my client, Derek Galanis, in support of his application for Compassionate Release and in response to the Government's letter opposing his release (ECF 535). The defense contends that Galanis' should be released from custody and permitted to finish his sentence on Home Confinement or Supervised Release. Galanis has exhausted his administrative remedies, and is vulnerable to infection by the Covid-19 virus if he is forced to remain in custody at the Federal Correctional Institution in California.

**Factual Background**

Derek Galanis pled guilty to conspiracy to commit securities fraud and securities fraud in 2016. He was sentenced to a term of seventy two months in custody on February 16, 2017. He has spent approximately 43 months in custody and has 17 months left on hiis jail sentence. Galanis filed his request for a transfer to home confinement with prison officials on April 4, 2020. He filed a motion to modify his remaining term of imprisonment with this Court pursuant to 18 U.S.C.§3582 ( c )(1)(A)(1) on April 22, 2020.

I.          **Galanis Has Exhaused His Administrative Remedies And
            The Court Should Decide This Motion On The Merits**

Compassionate release allows a court to reduce a term of imprisonment where, among

other things, "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. 3582 ( c )(1)(A). Prior to the enactment of the FIRST STEP ACT only the Director of the BOP could file a motion for compassionate release. The FIRST STEP ACT amended this provision to permit an inmate to file a motioon in federal court seeking compassionate release, but only after either exhausting administrative review of a BOP denial of his request or after 30 days had passed since he made his request, whichever was earlier.

In the instant case, Derek Galanis filed his petition for an emergency modification of sentence on April 4, 2020. See: Galanis Motion For Sentence Modification, April 22, 2020 Exhibit (1). The government concedes that the Galanis petition is timely as of May 4, 2020, See: Government Letter of May 1, 2020. The Court has yet to rule on the Galanis application therefore his application may be reviewed on the merits as of Monday, May 4, 2020.

The defense also posits that this Court has the inherent power to waive the exhaustion requirement. Some districts in the Second Circuit have found the exhaustion requirement waivable. See, e.g., United States v. Perez, No. 17 cr 513-3 (AT), 2020 WL 1546422, 1-3 (S.D.N.Y. April 2, 2020); United States v. Zuckerman, No. 16 cr 194 (AT), 2020 WL 1659880, at 3 (S.D.N.Y. Apr. 3, 2020); United States v. Colvin, No. 19 cr 179 (JBA), 2020 WL 1613943, at 2 (D. Conn. April 2, 2020). But other courts have disagreed and have strictly enforced the exhaustion requirement. See, e.g., United States v. Roberts, No. 18 cr 528 (JMF), ECF No. 296, at 2-5 (S.D.N.Y. April 8. 2020); United States v. Villanueva, No. 18 cr 472-3 (KPF), ECF No. 85 (S.D.N.Y.) The latter position has also been endorsed by the Court of Appeals for the Third Circuit. See United States v. Raia, No. 20-1033, 2020 WL 1647922 (3rd Cir. April 2, 2020).

However, since the Government has conceded that Galanis' petition for sentence

modification is timely as of May 4, 2020 the Court need not decide the waivability issue.

II.       **Galanis Is A Non Violent Offender And His Continued Imprisonment Seriously Endangers His Health**

Derek Galanis is currently incarcerated in the Federal Correctional Institution Mendota (FCI Mendota). FCI Mendota is a medium security facility capable of housing more than 700 inmates.  It also has a satellite Prison Camp with a capacity for more than 80 prisoners.  Derek Galanis' confinement in either of these two facilities poses continued danger to his health during the time of COVID 19.

Galanis will be forced to share bathroom and showering facilities with scores of inmates. He will be forced to live and sleep in a densely populated environment where disease and viruses are easily transmitted.  Efforts by the B.O.P. to sanitize institutions and protect federal inmates from COVID 19 have proved unavailing.  By April 28, 2020 over 1,534 inmates and 343 staff members have been infected by the virus, www.bop.gov/coronavirus. Since we do not know how many if any of the Mendota inmates have been tested for the virus the Governments' assertion that the institution is virus free is withought weight. B.O.P. inmates have an overall Covid infection rate of 3.3 times greater than United States population. www.bob.gov/conrnavirus.

III.      **Derek Galanis Is a Vulnerable Inmate**

Derek Galanis is 47 years old with a history of cocaine and methamphetamine abuse. His drug addiction has prematurely aged him and made him susceptibile to the COVID virus. A 2013 study in the Journal of Biological Psychiatry found that cocaine users are far more likely to contact an infectious disease than those with no history of drug addiction. Cambridge Neuroscience Newsletter September 10, 2013. Studies as far back as the 1990's also found that using cocaine can alter and impair the immune system Journal of Immunopharmacology and

<u>Immunotoxicology Volume 21, 1999 issue -4</u>.  Investigators at the Maclean Hospital and Drug Abuse Research Center in Belmont, Massachusetts discoveered in 2004 that cocaine itself has a direct effect that may decrease an abuser's ability to fight off infection.  <u>Journal of Clinical Endroclinology and Metabolism</u> 88 (3) 1188-1193, 2003.

While all federal prisoners are in danger of being infected with COVID-19, Derek Galanis' past drug use markedly increases the odds that he will be sickened by the virus.

## Conclusion

Derek Galanis'petition for compassionate relief is timely and the B.O.P. is incapable of protecting the prisoners in its crowded institutions from the virus. Galanis' past drug abuse makes him an easy target for the disease. He beseeches the Court for compassionate relief and asks to finish the remainder of his sentence on house arrest in the home of his fiancé.

                Respectfully,

                _/S/_
                John M. Burke
                Attorney for Derek Galanis

cc: AUSA Rebecca Mermelstein
    1 St. Andrews Plaza
    N.Y., N.Y.